**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Juan Machado Amadis,

*Plaintiff-Appellant,*

v.

Department of Justice, *et al.*,

*Defendants-Appellees.*

Appeal from the U.S. District Court for the District of Columbia in
*Machado Amadis v. Department of Justice*, No. 1:16-cv-02230-TNM

**MOTION OF *AMICI CURIAE*
THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
AND 36 MEDIA ORGANIZATIONS FOR LEAVE TO
PARTICIPATE IN ORAL ARGUMENT**

Pursuant to D.C. Circuit Rule 34(e), *amici curiae* the Reporters Committee for Freedom of the Press ("RCFP" or the "Reporters Committee") and 36 media organizations[1] (collectively, the "*media amici*") respectfully move this Court for

---

[1] Those media organizations are Advance Publications, Inc., American Society of News Editors, The Associated Press, Associated Press Media Editors, Association of Alternative Newsmedia, Cable News Network, Inc., California News Publishers Association, Californians Aware, The Daily Beast Company LLC, First Look Media Works, Inc., Gannett Co., Inc., Inter American Press Association, International Documentary Assn., Investigative Reporting Workshop at American University, Investigative Studios, Los Angeles Times Communications LLC, The McClatchy Company, The Media Institute, Mother Jones, MPA – The Association

leave to participate in oral argument in the above-captioned case through undersigned counsel, and further request that they be granted five (5) minutes of argument time to address the foreseeable harm requirement under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act").

Counsel for the *media amici* has conferred with counsel for all parties to this appeal concerning this motion. Plaintiff/Appellant Juan Machado Amadis consents. Defendants/Appellees Department of Justice, et al., take no position but request that if *media amici*'s motion is granted that the government's oral argument time be increased by a commensurate amount, a request that Plaintiff/Appellant concurs in.

*Amicus curiae* may participate in oral argument with the Court's permission. *See* D.C. Cir. R. 34(e). In this Circuit, *amicus curiae* will be granted separate oral argument time for "extraordinary reasons." *Id*.

This case presents extraordinary reasons warranting *media amici*'s request. It is, to their knowledge, the first opportunity for this Court to interpret FOIA's foreseeable harm provision, 5 U.S.C. § 552(a)(8), which was introduced by the

---

of Magazine Media, National Press Photographers Association, The New York Times Company, The NewsGuild - CWA, Online News Association, PEN America, POLITICO LLC, ProPublica, Radio Television Digital News Association, Reporters Without Borders, Reuters News & Media Inc., Reveal from The Center for Investigative Reporting, Society of Environmental Journalists, Society of Professional Journalists, Student Press Law Center, Tully Center for Free Speech, and The Washington Post.

FOIA Improvement Act of 2016, P.L. 114-185. The foreseeable harm provision is one of the most consequential changes to FOIA in recent decades, and its interpretation has implications that will reach far beyond the specific facts of this case. This Court's interpretation of the foreseeable harm provision will undoubtably affect the ability of members of the news media, including *media amici*, to keep the public informed about "what their government is up to." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

The brief filed by *media amici* in this case presents additional information and argument not contained in the briefing of the principal parties. Indeed, Defendants/Appellants devoted approximately five pages of their brief solely to responding to arguments raised by *media amici*. *See* Br. for Appellant at 41–46. Given *media amici*'s experience and expertise in FOIA matters, granting them oral argument time can assist the Court in addressing an important issue that has not previously come before the Court.

The Reporters Committee for Freedom of the Press infrequently requests leave to argue as *amicus* before this Court, reserving such motions for matters of extraordinary importance to members of the news media. In the last five years it has made two such requests, both in seminal FOIA cases, and subsequently participated in oral argument in each matter. *See Cause of Action v. F.T.C.*, 799

F.3d 1108 (D.C. Cir. 2015); *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145 (D.C. Cir. 2016).

For these reasons, *media amici* respectfully request that the Court grant them leave to participate in oral argument in this case, through undersigned counsel, and that they be granted five (5) minutes of argument time to address FOIA's foreseeable harm requirement.

Dated: December 20, 2019        Respectfully submitted,

/s/ Katie Townsend
Katie Townsend, Esq.
Bruce D. Brown, Esq.
REPORTERS COMMITTEE FOR
   FREEDOM OF THE PRESS
1156 15th Street NW, Ste. 1250
Washington, D.C. 20005
202.795.9303
ktownsend@rcfp.org

## Certificate of Service

I certify that a copy of the forgoing was filed electronically with the Clerk and delivered by operation of the CM/ECF system to the counsel of record on December 20, 2019.

/s/ Katie Townsend